UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| Plaintiff, | : | |
| | : | No. 3:17-CR-00055-4 (VLB) |
| v. | : | |
| | : | |
| **JONATHAN BROWN** | : | August 5, 2020 |
| Defendant. | : | |
| | : | |

**Ruling and Order on**
**Jonathan Brown's Motion for Severance [Dkt. 542]**

Jonathan Brown, currently detained and awaiting trial, has moved to sever his trial from those of his co-defendants Wilfredo Rosado-Rodriguez and Ivan Rosario. [ECF No. 542]. The government opposes his motion. [ECF No. 549]. After considering the briefing, the Court denies as moot Mr. Brown's motion for severance from Mr. Rosado-Rodriguez, and denies without prejudice Mr. Brown's motion for severance from Mr. Rosario.

I.   **Procedural Background**

On March 16, 2017, Mr. Brown, Mr. Rosado-Rodriguez, and Mr. Rosario were indicted with four other defendants for a charge of conspiracy to possess with intent to distribute one or more kilograms of heroin. *See* [ECF No. 13 (Indictment)]. Mr. Brown, Mr. Rosado-Rodriguez, and Mr. Rosario are now the only defendants left in the case. After fleeing the District, Mr. Brown was returned to the District on October 29, 2019, and has since been detained. *See* [ECF No. 457 (Order of Detention)]; [ECF No. 458 (10/29/19 Return of Service on Arrest Warrant)]. Mr. Rosado-Rodriguez has never been arraigned and remains fugitive. After the jury

failed to reach a verdict during Mr. Rosario's previous April 2018 trial on the instant conspiracy charge, the government is waiting to re-try Mr. Rosario until after the Second Circuit resolves his appeal of his conviction and sentence on a charge in another case. *See, e.g.,* [ECF No. 549 at 5-6].

II. <u>Law</u>

A. *<u>Joinder and Severance</u>*

Rule 8(b) provides for the joinder of defendants "if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses." Fed. R. Crim. P. 8(b). Joinder is "often particularly appropriate in circumstances where the defendants are charged with participating in the same criminal conspiracy." *United States v. Spinelli*, 352 F.3d 48, 55 (2d Cir. 2003). Federal courts have a "preference… for joint trials of defendants who are indicted together." *Zafiro v. United States*, 506 U.S. 534, 537 (1993). Joint trials "enabl[e] more accurate assessment of relative culpability," "generally serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts," and avoid requiring prosecutors to present "the same evidence again and again" and "victims and witnesses to repeat the inconvenience (and sometimes trauma) of testifying." *Richardson v. Marsh*, 481 U.S. 200, 210 (1987).

But Rule 14(a) allows a court to "order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires" if joinder "appears to prejudice a defendant or the government." Fed. R. Crim. P. 14(a). The bar for severance is high though: "The Supreme Court has instructed that a district

court should grant a Rule 14 severance motion only when 'there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence.'" *United States v. Feyrer*, 333 F.3d 110, 114 (2d Cir. 2003) (quoting *Zafiro*, 506 U.S. at 539).

B. <u>Speedy Trial Act</u>

The Speedy Trial Act ("the Act") provides that a criminal defendant's trial must begin within seventy days of the filing of the information or indictment, or the date on which the defendant appeared in the district where charges are pending, whichever is later. 18 U.S.C. § 3161(c)(1); *United States v. Holley*, 813 F.3d 117, 120 (2d Cir. 2016). The Act also exempts or excludes certain periods of time from the computation of the seventy days. *See* 18 U.S.C. § 3161(h).

Included in Section 3161's list of exempt periods is "a reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and not motion for severance has been granted." 18 U.S.C. § 3161(h)(6). So, time excluded for one defendant is also excluded for all defendants joined to his case. *United States v. Pena*, 793 F.2d 486, 489 (2d Cir. 1986). Only "[i]f a defendant makes a motion for severance that is denied" is the defendant "entitled to the benefit of the reasonableness limitation" in § 3161(h)(6). *United States v. Vasquez*, 918 F.2d 329, 337 (2d Cir. 1990).

III. <u>Analysis</u>

A. <u>Joinder with Wilfredo Rosado-Rodriguez</u>

The Court denies as moot Mr. Brown's motion for severance from Mr. Rosado-Rodriguez. The Court finds that Mr. Rosado Rodriguez's case was severed from that of his co-defendants on or before April 2018, when trial began against co-defendant Ivan Rosario.

The Court agrees with the Government that Mr. Brown's speedy trial clock re-started following his return to the District on October 29, 2019. *See* 18 U.S.C. § 3161(k)(1), [ECF No. 458 (10/29/19 Return of Service on Arrest Warrant)]. Because Mr. Brown's speedy trial clock re-started after his case was severed from Mr. Rosado-Rodriguez's, he has suffered no prejudice from any previous time joined to Mr. Rosado-Rodriguez.

B. *Joinder with Ivan Rosario*

Under Rule 8, joinder is proper for Mr. Rosario and Mr. Brown: they are charged together in a conspiracy count, *see* [ECF No. 13 (Indictment)], and judicial economy and fairness considerations favor a joint trial.

At this time, Mr. Brown does not establish prejudice such that his case should be severed from Mr. Rosario's under Rule 14. Mr. Brown does not argue joint trial might "prevent the jury from making a reliable judgment" about Mr. Brown's "guilt or innocence." *See Zafiro*, 506 U.S. at 539. Mr. Brown's only argument is one of procedural prejudice: he argues that his right to a speedy trial is prejudiced because it is unknown if and/or when Mr. Rosario will ever be retried on the drug conspiracy charge and because Mr. Rosario's pending motions prevent Mr. Brown's speedy trial clock from starting until the moetions are resolved

by the Court. *See* [ECF 542 at 6]; 18 U.S.C. § 3161(h)(1)(D). The Court is not persuaded.

First, Mr. Brown "is not entitled to the benefit of the reasonableness requirement of [(h)(6)] prior to… when he moved for severance." *Vasquez*, 918 F.2d at 337. So, any excluded time due to delays in Mr. Rosario's case prior to his filing of the motion for severance does not prejudice Mr. Brown's right to a speedy trial under the Act.

Second, even if the Court were to not exclude time from Mr. Brown's speedy trial clock due to delays in Mr. Rosario's case, no more than 45 days of accountable time have elapsed on Mr. Brown's speedy trial clock. Mr. Brown's speedy-trial clock, treated as if it were not linked to Mr. Rosario's, has been tolled since December 12, 2019 by Mr. Brown's motion practice and other excludable events, including the public health risks associated with the ongoing coronavirus outbreak. *See, e.g.,* [ECF No. 469 (12/12/19 Def.'s Mot. for New Counsel)], [ECF No. 472 (1/6/20 Finding)], [ECF No. 483 (2/3/20 Def.'s Mot. to Toll Speedy Trial)], [ECF No. 488 (3/3/20 Def.'s Mot. for Conference)], [ECF Nos. 498 & 499 (3/10/20 Finding, with Def. Speedy Trial Waiver)], [ECF No. 507 (4/20/20 Def.'s Mot. for Pretrial Release)], [ECF No. 521 (5/21/20 Def.'s Mot. to Suppress)], Chief Judge Underhill's 3/11/20 General Order, Chief Judge Underhill's 4/27/20 Superseding General Order, Chief Judge Underhill's 5/19/20 General Order, and Chief Judge Underhill's 7/24/20 General Order.

Therefore, at this time, the Court finds that Mr. Brown is not prejudiced by his joinder with Mr. Rosario, and so the Court denies his motion for severance.

## IV.  Conclusion

The Court denies as moot Mr. Brown's motion for severance from Mr. Rosado-Rodriguez and denies without prejudice Mr. Brown's motion for severance from Mr. Rosario. Because the Court has denied Mr. Brown's motion for severance, going forward the Court must "examine the reasonableness of any delay caused by [Mr. Brown]'s co-defendants before time under the Speedy Trial Act can be excluded as against" Mr. Brown. *United States v. Contreras*, 216 F. Supp. 3d 299, 303 (W.D.N.Y. 2016) (quoting *United States v. Lockwood,* No. 11-CR-085, 2012 WL 6204194, at *3 (W.D.N.Y. 2012)); *see* 18 U.S.C. § 3161(h)(6); *Vasquez*, 918 F.2d at 337 ("If a defendant makes a motion for severance that is denied, he is then entitled to the benefit of the reasonableness limitation on delays affecting co-defendants.").

IT IS SO ORDERED.

                                /s/
                        Hon. Vanessa L. Bryant

                        United States District Judge

Dated at Hartford, Connecticut: August 5, 2020