UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| United States of America | : |
| | : |
| v. | : No. 17-cr-55-4(VLB) |
| | : |
| JONATHAN BROWN | : |
| | : December 29, 2020 |
| | : |

**MEMORANDUM OF DECISION DENYING DEFENDANT'S PRO SE "MOTION TO OBJECT"**

Before the Court is the Defendant, Jonathan Brown's, "Motion to Object." Mot., Dkt. 615-1. Though Mr. Brown entitles his filing as a "Motion to Object," it is in substance a motion for reconsideration of the Court's decision denying his *pro se* motions. Omnibus Dec., Dkt. 605. The Court denies Mr. Brown's motion for the following reasons.

I.    BACKGROUND

The Court's omnibus decision lays out the relevant background for this decision. Of importance for this decision, the Court briefly summarizes the peculiar nature of Mr. Brown's *pro se* filing though he remains represented by counsel. In July 2020, the court received a letter from Mr. Brown directly requesting to proceed "pro-se with the aid of counsel of record." Dkt. 543. The Court conducted a hearing to address his filing, where he explained that he wished to file pre-trial motions that his counsel refused to file because they lacked merit. *See* Articulation Order, Dkt. 560. At the hearing the Court determined that Brown was competent to represent himself and that he knowingly and voluntarily waived his right to representation as to the pre-trial motions he proposed to file. *Id.* In order

to assess the legal merits of his claim that he was not adequately represented and the reason for Mr. Brown's lack of confidence in his attorney, the Court took the unprecedented step of allowing him to file on the record the motions his counsel would not file on his behalf. *Id.* The Court only authorized the filing of those motions that Mr. Brown's attorney refused to file at the time of the hearing.

Mr. Brown filed fifteen motions under seven separate docket entries. Dkt. 552, 558, 565, 571, 576, 589, 591. The Government objected. Dkt. 600. The Court denied the motions. Dkt. 605. Mr. Brown filed the subject "motion to object," on the basis that the Court "failed to address all of the merits of the defendant's constitutional issues." Mot. The Court interprets this motion to be a motion for reconsideration.

## II.     LEGAL STANDARD

Local Rules of Criminal Procedure (1)(c) provides that the Local Civil Rule 7(c) applies to motions for reconsideration filed in criminal proceedings. Local Civil Rule 7(c)(1) provides that:

> Motions for reconsideration shall not be routinely filed and shall satisfy the strict standard applicable to such motions. Such motions will generally be denied unless the movant can point to controlling decisions or data that the court overlooked in the initial decision or order. In circumstances where such motions are appropriate, they shall be filed and served within seven (7) days of the filing of the decision or order from which such relief is sought, and shall be accompanied by a memorandum setting forth concisely the controlling decisions or data the movant believes the Court overlooked.

## III.    ANALYSIS[1]

---

[1] Though it would appear Mr. Brown's motion is untimely because it was filed more than seven days after the omnibus decision was filed, the untimeliness of the filing does not affect this decision because Mr. Brown is currently detained and it likely

2

Mr. Brown seeks reconsideration claiming "[t]he District Court Judge totally side stepped the merits of the constitutionality issues."  Mot.  He cites to two examples.  First he states that "the District Court judge never addressed the issue of 841(b) being a sentencing factor to which no constitutional protections are attached, making it unconstitutional under *Apprendi*, *Alleyne*, *Blakely,* and *Haymond* because Congress designed it to only come into play at sentencing after trial ,bypassing the jury."  Mot.  Second, he states that "the District Court judge never addressed the fact that 846's operation depends wholly on 841(b)'s attachment because 846 doesn't have a penalty provision."  *Id.*

Mr. Brown is mistaken.  He misconstrues both the Court's decision and the reasoning of the cases he cites. The Court did address Mr. Brown's constitutional arguments.  With respect to the first example discussed by Mr. Brown, the Court did address his claim that 841(b) is an unconstitutional sentencing factor.  The Court stated that:

> Mr. Brown bases many of his motions on the incorrect assumption that the district court judge and not the jury would be finding facts that determine his guilt and statutory punishment.  He further assumes that the burden of proof will be by a preponderance of the evidence, and not beyond a reasonable doubt.  This assumption is incorrect.
>
> The jury will be tasked with determining if Mr. Brown is guilty of the offense charged in the grand jury indictment.  The jury will be instructed that it may only find Mr. Brown guilty of the charged offense if it finds each element of the offense proven beyond a reasonable doubt.
>
> If the jury finds Mr. Brown guilty of the charged offense, the penalty provision of § 841(b) will be imposed based solely on the jury verdict. Because Mr. Brown is charged with conspiracy to distribute or

took some time for him to receive the Court's omnibus decision and to send his motion to his counsel to file.

3

> possess with intent to distribute 1 kilogram or more of heroin, then the penalty provision under § 841(b)(1)(A)(i) would apply if the jury finds him guilty of this offense.
>
> Mr. Brown is partially correct in that the Court is permitted to find facts by a preponderance of the evidence that could affect his penalty. This is because a judge has authority "to exercise broad discretion in imposing a sentence *within* a statutory range." *United States v. Booker*, 543 U.S. 220, 233, 125 S. Ct. 738, 750, 160 L. Ed. 2d 621 (2005) (emphasis added). But, to repeat, a court is not permitted to find any facts that would "increase the penalty for a crime beyond the prescribed statutory maximum," *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S. Ct. 2348, 2362–63, 147 L. Ed. 2d 435 (2000), or increase the mandatory minimum." *Alleyne v. United States*, 570 U.S. 99, 111–12, 133 S. Ct. 2151, 186 L. Ed. 2d 314 (2013). Nor may the Court impose a penalty outside the statutory range based on facts not found by the jury. *Blakely v. Washinton*, 542 U.S. 296, 304, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004).
>
> The Court rejects Mr. Brown's argument that §§ 846 and 841 authorize the Court to find facts in violation of *Apprendi, Alleyne*, and *Blakely*. Sections 846 and 841 do not authorize a court to find facts that increase the statutory maximum and minimum sentence. The statutory penalty, if any, Mr. Brown is subject to will be determined from the facts found by the jury beyond a reasonable doubt, not the Court.

Omnibus Dec. at 14–16 (footnote omitted).

With respect to the second example discussed by Mr. Brown, the Court did address his constitutional claims relating to the penalty provision of 846. The Court stated that:

> Mr. Brown argues that § 846 fails to give fair warning that the penalties of § 841 apply to the prohibited conduct. [Dkt. 558, 571]. The Government argues that § 846 is not vague because a plain reading of the text provides a clear statement that someone who conspires to commit a drug offense is subject to the same penalties as the substantive crime. Obj at 7.
>
> "No one may be required at peril of life, liberty or property to speculate as to the meaning of penal statutes." *Lanzetta v. State of N.J.*, 306 U.S. 451, 453, 59 S. Ct. 618, 619, 83 L. Ed. 888 (1939).

4

**[T]he terms of a penal statute creating a new offense must be sufficiently explicit to inform those who are subject to it what conduct on their part will render them liable to its penalties is a well-recognized requirement, consonant alike with ordinary notions of fair play and the settled rules of law; and a statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application violates the first essential of due process of law."**

*Id.* **"As generally stated, the void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement."** *United States v. Rybicki***, 354 F.3d 124, 129 (2d Cir. 2003) (citing to** *Kolender v. Lawson,* **461 U.S. 352, 357, 103 S.Ct. 1855, 75 L.Ed.2d 903 (1983)).**

**"As with any question of statutory interpretation, we begin with the text of the statute to determine whether the language at issue has a plain and unambiguous meaning."** *United States v. Epskamp***, 832 F.3d 154, 162 (2d Cir. 2016). "A particular statute's 'plain meaning can best be understood by looking to the statutory scheme as a whole and placing the particular provision within the context of that statute.'"** *Id.*

**Section 846 states: "Any person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy."**
**Section 846 provides sufficient definiteness that an ordinary person reading it could comprehend the prohibited conduct—attempting or conspiring to commit any offense defined in its subchapter. Section 846 further provides with sufficient definiteness that an ordinary person reading it could comprehend the penalties for such conduct– the same penalties as those prescribed for the offense. The language of the statute sufficiently provides fair warning of penalties and protects against arbitrary and discriminatory enforcement because a defendant cannot be convicted unless the Government proves beyond a reasonable doubt each element of the prohibited conduct.**

**Mr. Brown argues further that § 846 is unconstitutionally vague because "any person" cannot conspire by himself." [Dkt. 571 at 11]. Mr. Brown's argument as to this claim is not entirely clear. If Mr. Brown is arguing that § 846 is vague because it does not provide with precision how many people must be involved in order for the Government to prove a violation of that statute, that argument fails. The plain meaning of § 846 prohibits attempt crimes, which do not**

5

> require an agreement with others, and it prohibits conspiracy crimes, which does require an agreement with others. Ordinary people reading this statute would understand that, when charged with conspiring with the other individuals named in the indictment the Government would be required to prove an agreement with another.
>
> Therefore, Mr. Brown's motion to dismiss the indictment where he is named, along with other individuals, as conspiring to commit crimes on the grounds that section 846 is unconstitutionally vague is DENIED.

**Omnibus Dec. at 12–14.**

### IV. CONCLUSION

For the aforementioned reasons, Mr. Brown's "Motion to Object" is DENIED.

The Court has indulged Mr. Brown by allowing him to file only those motions discussed in the July 23, 2020 hearing *pro se,* despite being represented by court-appointed counsel. *O'Reilly v. New York Times Co.*, 692 F.2d 863, 868 (2d Cir. 1982) ("[T]he rights of self-representation and representation by counsel 'cannot be both exercised at the same time.'"); *McCoy v. Louisiana*, 138 S. Ct. 1500, 1508, 200 L. Ed. 2d 821 (2018) (providing that while some decisions are exclusively made by a criminal defendant—such as whether to waive the right to a jury trial, to testify, and to appeal—matters of trial management are the lawyer's province, not the defendant). The Court did not grant leave for Mr. Brown to file any other motions. The Court neither authorizes nor will it entertain any further motions, objections or other filings by Mr. Brown *pro se.*

The Court found these motions lacked legal merit and thus Mr. Brown's attorney was not ineffective in refusing to file them. To the extent Mr. Brown's relationship with his attorney has broken down because his attorney refused to file meritless motions, it would appear the breakdown is due to Mr. Brown's refusal to

6

accept the advice of competent court-appointed counsel, preferring instead to rely upon his own unschooled and inexperienced analysis of the law.

Mr. Brown is advised that an indigent defendant is entitled to competent court-appointed counsel not counsel of his choice or one which agrees with him. *Luis v. United States*, 136 S. Ct. 1083, 1089, 194 L. Ed. 2d 256 (2016). Though ill-advised, a defendant may waive that right to court-appointed counsel and represent himself. *Faretta v. California*, 422 U.S. 806, 95 S. Ct. 2525, 45 L. Ed. 2d 562 (1975). Should Mr. Brown wish to represent himself or request new counsel he may file a motion to that effect. He should understand that where the breakdown in the attorney client relationship is the indigent client's fault, the court need not appoint counsel as it would be futile. *United States v. Doe*, 272 F3d 116, 122–23 (2d Cir. 2001). Should Mr. Brown file a motion to represent himself or request new counsel, the Court will refer the motion to a Magistrate Judge.

IT IS SO ORDERED.

_____
Hon. Vanessa L. Bryant
United States District Judge

Dated this day in Hartford, Connecticut: December 29, 2020